MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------X
LUIS MIGUEL BALDERAS, *individually and on behalf of others similarly situated,*

    *Plaintiff,*

-against-

NOCHES DE COLOMBIA HACKENSACK LLC. (D/B/A NOCHES DE COLOMBIA), SEBASTIAN COLORADO, JORGE TELLO and JESSICA CEBALLOS,

    *Defendants.*

---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Luis Miguel Balderas ("Plaintiff Balderas" or "Mr. Balderas"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Noches De Colombia Hackensack LLC (d/b/a Noches de Colombia) ("Defendant LLC"), Sebastian Colorado, Jorge Tello, and Jessica Ceballos ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Balderas is a former employee of Defendants Noches De Colombia Hackensack LLC (d/b/a Noches de Colombia), Sebastian Colorado, Jorge Tello, and Jessica Ceballos.

2. Defendants own, operate, or control a Colombian restaurant ("the restaurant"), located at 382 Main Street, Hackensack, New Jersey 07601 under the name "Noches de Colombia."

3. Upon information and belief, individual Defendants Sebastian Colorado, Jorge Tello, and Jessica Ceballos, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Balderas was an employee of Defendants.

5. Plaintiff Balderas was employed as a porter at the restaurant.

6. At all times relevant to this Complaint, Plaintiff Balderas worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Balderas appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Defendants' conduct extended beyond Plaintiff Balderas to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Balderas and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Balderas now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Balderas seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Balderas's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate, or at all relevant times operated, the restaurant in this district. Further, Plaintiff Balderas was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Luis Miguel Balderas ("Plaintiff Balderas" or "Mr. Balderas") is an adult individual residing in Hudson County, New Jersey.

15. Plaintiff Balderas was employed by Defendants at the restaurant from approximately December 14, 2017 until on or about March 06, 2020.

16. Plaintiff Balderas consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled the restaurant, which was located at 382 Main Street, Hackensack, New Jersey 07601.

18. Upon information and belief, Defendant LLC is a domestic limited-liability company organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 382 Main Street, Hackensack, New Jersey 07601.

19. Defendant Sebastian Colorado is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sebastian Colorado is sued individually in his capacity as owner, officer and/or agent of Defendant LLC. Defendant Sebastian Colorado possesses, or possessed at all relevant times, operational control over Defendant LLC, an ownership interest in Defendant LLC, and controls, or controlled at all relevant times, significant functions of Defendant LLC. He determines, or determined at all relevant times, the wages and compensation of the employees of Defendants, including Plaintiff Balderas, establishes, or established at all relevant times, the schedules of the employees, maintains, or maintained at all relevant times, employee records, and has, or had at all relevant times, the authority to hire and fire employees.

20. Defendant Jorge Tello is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jorge Tello is sued individually in his capacity as owner, officer and/or agent of Defendant LLC. Defendant Jorge Tello possesses, or possessed at all relevant times, operational control over Defendant LLC, an ownership interest in Defendant LLC, and controls, or controlled at all relevant times, significant functions of Defendant LLC. He determines, or determined at all relevant times, the wages and compensation of the employees of Defendants, including Plaintiff Balderas, establishes, or established at all

relevant times, the schedules of the employees, maintains, or maintained at all relevant times, employee records, and has, or had at all relevant times, the authority to hire and fire employees.

21. Defendant Jessica Ceballos is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jessica Ceballos is sued individually in her capacity as owner, officer and/or agent of Defendant LLC. Defendant Jessica Ceballos possesses, or possessed at all relevant times, operational control over Defendant LLC, an ownership interest in Defendant LLC, and controls, or controlled at all relevant times, significant functions of Defendant LLC. She determines (or determined at all relevant times) the wages and compensation of the employees of Defendants, including Plaintiff Balderas, establishes (or established at all relevant times) the schedules of the employees, maintains (or maintained at all relevant times) employee records, and has (or had at all relevant times) the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a Colombian restaurant located in Hackensack, New Jersey.

23. Individual Defendants, Sebastian Colorado, Jorge Tello, and Jessica Ceballos, possess operational control over Defendant LLC, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Balderas's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Balderas, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Balderas (and all similarly situated employees) and are Plaintiff Balderas's (and all similarly situated employees') employers within the meaning of 29 U.S.C. §§ 201, *et seq*.

27. In the alternative, Defendants constitute a single employer of Plaintiff Balderas and/or similarly situated individuals.

28. Upon information and belief, Individual Defendants Sebastian Colorado, Jorge Tello, and/or Jessica Ceballos, individually or collectively, operated Defendant LLC as either an alter ego one or more of themselves and/or failed to operate Defendant LLC as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the legal formalities necessary to operate Defendant LLC as a limited-liability company,
   b) defectively forming or maintaining the entity of Defendant LLC, by, amongst other things, failing to hold annual meetings or maintaining appropriate records,
   c) transferring assets and debts freely as between all Defendants,
   d) operating Defendant LLC for their own benefit as the sole or majority members,
   e) operating Defendant LLC for their own benefit and maintaining control over Defendant LLC,
   f) intermingling assets and debts of their own with Defendant LLC,
   g) diminishing and/or transferring assets of Defendant LLC to avoid full liability as necessary to protect their own interests, and
   h) Other actions evincing a failure to adhere to the limited-liability company form.

29. At all relevant times, Defendants were Plaintiff Balderas's employers within the meaning of the FLSA. Defendants had the power to hire and fire Plaintiff Balderas, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Balderas's services.

30. In each year from 2017 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New Jersey.

*Individual Plaintiff*

32. Plaintiff Balderas is a former employee of Defendants who was employed as a porter.

33. Plaintiff Balderas seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Luis Miguel Balderas*

34. Plaintiff Balderas was employed by Defendants from approximately December 14, 2017 until on or about March 6, 2020.

35. Defendants employed Plaintiff Balderas as a porter.

36. Plaintiff Balderas regularly handled goods in interstate commerce, such as cleaning supplies produced outside the State of New Jersey.

37. Plaintiff Balderas's work duties required neither discretion nor independent judgment.

38. Throughout his employment with Defendants, Plaintiff Balderas regularly worked in excess of 40 hours per week.

39. From approximately December 14, 2017 until on or about May 2019, Plaintiff Balderas worked from approximately 10:00 p.m. until on or about 6:00 a.m., Sundays[1] to Wednesdays and from approximately 11:00 p.m. until on or about 9:00 a.m., Thursdays to Saturdays (typically 62 hours per week).

40. From approximately June 2019 until on or about March 6, 2020, Plaintiff Balderas worked from approximately 10:00 p.m. until on or about 6:00 a.m., Sundays to Thursdays and from approximately 11:00 p.m. until on or about 6:00 a.m., Fridays and Saturdays (typically 54 hours per week).

41. Throughout his employment, Defendants paid Plaintiff Balderas his wages in cash.

42. From approximately 2017 until on or about June 2019, Defendants paid Plaintiff Balderas a fixed salary of $900 per week, plus $45.00 for the three (3) additional hours from 6:00 A.M. to 9:00 A.M. that he worked on Friday through Sunday mornings.

43. From approximately June 2019 until on or about March 6, 2020, Defendants paid Plaintiff Balderas a fixed salary of $1000 per week.

44. Plaintiff Balderas was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

---

[1] All references in Paragraphs 39 and 40 of this Complaint to days of the week on which Plaintiff worked refer to the day of the week on which the work shift began. Thus, for example, the allegation that Plaintiff worked from 10 P.M. to 6:00 A.M, from Sunday through Wednesday means that at 10:00 P.M. on every evening from Sunday through Wednesday, Plaintiff began a work shift that would continue until 6:00 A.M. on the ensuing morning.

45. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Balderas regarding overtime and wages under the FLSA.

46. Further, Defendants did not provide Plaintiff Balderas with any document or any statement accurately accounting for all of his actual hours worked or setting forth the rate of pay for all of his hours worked.

*Defendants' General Employment Practices*

47. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Balderas (and all similarly situated employees) to work in excess of 40 hours a week without paying appropriate minimum wage and overtime compensation as required by federal and state laws.

48. Plaintiff Balderas was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New Jersey Wage and Hour Law (NJWHL) by, *inter alia*, not paying him the wages he was owed for the hours he worked.

49. Defendants' pay practices resulted in Plaintiff Balderas not receiving proper payment for all hours worked, and resulted in Plaintiff Balderas's effective rate of pay falling below the required minimum wage rate.

50. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA by failing to maintain accurate and complete timesheets and payroll records.

51. Throughout his employment Plaintiff Balderas was paid his wages in cash.

52. Defendants failed to provide Plaintiff Balderas with any document or other statement that accurately accounted for Plaintiff Balderas's actual hours worked, and set forth by day any deductions or credits taken against his wages.

53. Defendants failed to post at the workplace, or otherwise provide to employees, the required up to date postings or notices to employees regarding the applicable wage and hour requirements of the FLSA.

54. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Balderas (and similarly situated individuals) worked, and to avoid paying Plaintiff Balderas properly for his full hours worked.

55. Defendants engaged in their unlawful conduct pursuant to a company policy designed to minimize labor costs and deny employees compensation by knowingly violating the FLSA.

56. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Balderas and other similarly-situated present and former workers.

## **FLSA COLLECTIVE ACTION CLAIMS**

57. Plaintiff Balderas brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

58. At all relevant times, Plaintiff Balderas and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

59. The claims of Plaintiff Balderas stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

60. Plaintiff Balderas repeats and realleges all paragraphs above as though fully set forth herein.

61. At all times relevant to this action, Defendants were Plaintiff Balderas's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Balderas and the FLSA Class Members, controlled the terms and conditions of the employment of Plaintiff Balderas and the FLSA Class Members, and determined the rate and method of any compensation in exchange for their employment.

62. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

63. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

64. Defendants failed to pay Plaintiff Balderas and the FLSA Class Members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

65. Defendants' failure to pay Plaintiff Balderas and the FLSA Class Members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

66. Plaintiff Balderas and the FLSA Class members were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

67. Plaintiff Balderas repeats and realleges all paragraphs above as though fully set forth herein.

68. At all times relevant to this action, Defendants were Plaintiff Balderas's employers and employers of the putative FLSA Class members within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Balderas and the FLSA Class members, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for employment.

69. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

71. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Balderas and the FLSA Class members overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

72. Defendants' failure to pay Plaintiff Balderas and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

73. Plaintiff Balderas (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE NEW JERSEY WAGE AND HOUR LAW

74. Plaintiff Balderas repeats and realleges all paragraphs above as though fully set forth herein.

75. At all times relevant to this action, Defendants were Plaintiff Balderas's employers within the meaning of the New Jersey Wage and Hour Law (NJWHL), N.J.S.A § 34:11-56a4, et seq. Each of the Defendants had the power to hire and fire Plaintiff Balderas, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for his employment.

76. For all or some hours that Plaintiff Balderas worked for Defendants in the State of New Jersey, Defendants failed to pay Plaintiff Balderas at or above the applicable minimum hourly rate under the NJWHL.

77. Defendants' failure to pay Plaintiff Balderas at or above the applicable minimum hourly rate was willful within the meaning of the NJWHL.

78. Plaintiff Balderas was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NJWHL

79. Plaintiff Balderas repeats and realleges all paragraphs above as though fully set forth herein.

80. Defendants, in violation of the NJWHL, N.J.S.A § 34:11-56a4, et seq., failed to pay Plaintiff Balderas overtime compensation at a rate of one and one-half times the regular rate of pay for each hour that Plaintiff Balderas worked in the State of New Jersey in excess of forty hours in a work week.

81. Defendants' failure to pay Plaintiff Balderas overtime compensation was willful within the meaning of the NJWHL

82.     Plaintiff Balderas was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Balderas respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Balderas and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Balderas and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Balderas's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Balderas and the FLSA Class members;

(f)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the NJWHL as to Plaintiff Balderas;

(g)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the NJWHL as to Plaintiff Balderas;

(h) Awarding Plaintiff Balderas and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(i) Awarding Plaintiff Balderas and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(j) Awarding Plaintiff Balderas damages for the amount, under the NJWHL, of unpaid minimum wage, overtime compensation and damages for any improper deductions or credits taken against wages, as applicable;

(k) Awarding Plaintiff Balderas liquidated damages under the NJWHL in an amount equal to 200% of his damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages, as applicable;

(l) Awarding Plaintiff Balderas and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(m) Awarding Plaintiff Balderas and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(n) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Balderas demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
April 2, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  /s/ Jordan Gottheim

- 16 -

                    Jordan Gottheim, Esq. (223232017)
                    60 East 42nd Street, Suite 4510
                    New York, New York 10165
                    Telephone: (212) 317-1200
                    Cell: (631) 921-5568
                    Facsimile: (212) 317-1620
                    jgottheim@faillacelaw.com

                    Attorneys for Plaintiffs