**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

October 23, 2020

**LETTER ORDER**

Re:   *Balderas v. Noches de Colombia Hackensack LLC*
      Civil Action No. 20-3536 (ES) (MAH)

Dear counsel:

   The Court is in receipt of the parties' notice of settlement and stipulation of dismissal filed on October 20, 2020.  (D.E. Nos. 16 & 17).  The parties inform the Court that they "have reached an agreement to settle this litigation," and that, pursuant to the settlement agreement, the parties executed a stipulation of dismissal that is contingent on the Court retaining jurisdiction for "purposes of enforcing the terms of the settlement agreement."  (D.E. No. 16).  The parties did not file their settlement agreement.

   Plaintiff Luis Miguel Balderas ("Plaintiff") initiated this putative collective action, on behalf of himself and other individuals similarly situated, against defendants Noches de Columbia Hackensack LLC, Sebastian Colorado, Jorge Tello, and Jessica Ceballos (collectively, "Defendants"), alleging Defendants' failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law.  (D.E. No. 1). The case apparently settled before Plaintiff sought to certify the collective.  "Although the Third Circuit has not addressed whether [FLSA] actions claiming unpaid wages may be settled privately without first obtaining court approval, district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary."  *Chillogallo v. John Doe LLC #1*, No. 15-537, 2018 WL 4735737, at *1 (D.N.J. Oct. 1, 2018) (quoting *Bettger v. Crossmark, Inc.*, No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015)); *see also Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 529 (E.D. Pa. 2016)(collecting cases and stating that "the majority of circuit courts [held] that FLSA claims may not be settled without approval of either the Secretary of Labor or a district court").  As courts have recognized, "to approve a settlement merely because the parties agreed, regardless of its terms, thwarts Congress's goals in enacting this type of protective legislation and deprecates the employee's rights provided for under the statute." *Kaus*, 155 F. Supp. 3d at 526.

   To this end, a proposed settlement agreement may satisfy judicial review if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Brumley v. Camin Cargo Control, Inc.*, No. 08-1798, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir.1982)).  A settlement may be

scrutinized for fairness in two steps: "First, the court should consider whether the compromise is fair and reasonable to the employee." *Brumley*, 2012 WL 1019337, at *4. If so, the court then examines "whether the settlement furthers or 'impermissibly frustrates' the implementation of the FLSA." *Huyett v. Murlin*, No. 1:17-1075, 2018 WL 3155795, at *1 (M.D. Pa. June 28, 2018) (quoting *Bettger*, 2015 WL 279754, at * 4); *see also*, *Brumley*, 2012 WL 1019337, at *4.

The parties are thus ordered to file their settlement agreement for judicial review, together with a joint memorandum addressing whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *See Brumley*, 2012 WL 1019337, at *2.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

2